IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NOAH D. REED,**

          **Plaintiff,**

  v.                **CASE NO. 23-3140-JWL**

**GLORIA GEITHER, ET AL.,**

          **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Noah D. Reed initiated this matter by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) He proceeds in forma pauperis and, as previously ordered, his initial partial filing fee of $7.00 must be submitted on or before June 27, 2023. (Doc. 4.) Plaintiff has also submitted a motion to appoint counsel. (Doc. 3.) The Court has conducted an initial review of the complaint and attached memorandum and has identified certain deficiencies therein, which are set forth below and which leave the complaint subject to dismissal. Accordingly, the motion to appoint counsel will be denied without prejudice and Plaintiff will be directed to file a complete and proper amended complaint that cures the deficiencies identified in this order.

  **I. Nature of the Matter before the Court**

Plaintiff names as Defendants Gloria Geither, Interim Warden at Lansing Correctional Facility, and Jeff Zmuda, Kansas' Secretary of Corrections. (Doc. 1, p. 1-2.) As the factual basis for this complaint, Plaintiff alleges that in early 2021, the United States Treasury deposited two "stimulus payments" into his inmate trust account, one under the Consolidated Appropriations Act (CAA) and one under the American Rescue Plan Act (ARPA). *Id.* at 2. Plaintiff alleges that Defendants illegally confiscated these payments in retaliation against him for grievances he had filed. *Id.* Plaintiff further alleges that he sought relief through administrative remedies and through the Kansas state courts in a

motion for state habeas relief under K.S.A. 60-1501, but he was unsuccessful. *Id.* at 4-5.

In Count I of the complaint, Plaintiff alleges that when the Kansas Department of Corrections (KDOC) seized the payments, it committed an unconstitutional taking in violation of the Fifth Amendment to the United States Constitution and in violation of the CAA. *Id.* at 3. In Count II, Plaintiff alleges that the KDOC violated the CAA and the Fourteenth Amendment when it failed to put the seized money toward restitution, court fines, or costs. *Id.* In Count III, Plaintiff alleges the violation of the First and Eighth Amendments by "wanton negligence [and] substantial limitation of property in retaliation manifested as a deliberate indifference to their responsibility to protect from harm." *Id.* at 4. In the portions of the complaint for Plaintiff to set forth the supporting facts[1], he has written only "see memorandum." *Id.* at 3-4, 11-12. As relief, he seeks reimbursement of the seized money, injunctive relief, and compensatory and punitive damages in the amount of $10,000,000.00. *Id.* at 5.

**II. Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v.*

---

[1] The form directs: "Include all facts you consider important, including names of persons involved, places[,] and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." (Doc. 1, p. 3.)

*Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

### III. Discussion

Plaintiff has attached to his form complaint a memorandum. (Doc. 1, p. 6-21.) First, the Court notes that according to the handwritten page numbers of the memorandum, pages 10, 11, and 12 of the memorandum appear to be missing. *See id.* at 18-19. Second the numbered "arguments" in the memorandum do not match the counts articulated in the complaint. Liberally construing the complaint, Count I alleges an unconstitutional taking in violation of the Fifth Amendment and the CAA. *Id.* at 3. But Argument 1 of the memorandum asserts that the Butler County District Court erred[2] by summarily

---

[2] It appears that the memorandum may be part of a brief prepared for or filed in Plaintiff's state-court appeals, as it is framed as explaining why the Butler County District Court erred and it requests (1) the reversal of the Butler County District Court's denial of Plaintiff's related K.S.A. 60-1501 petition, (2) the remand of that K.S.A. 60-1501 action for further consideration, and (3) a venue transfer of that action to the District Court of Leavenworth County, Kansas. (Doc. 1, p. 6-7.) The Court will liberally construe the complaint and the attached memorandum, but it will not act as Plaintiff's advocate and create from Plaintiff's state-court appellate briefing arguments that are appropriate for this § 1983 action.

3

dismissing Petitioner's K.S.A. 60-1501 petition for state habeas corpus relief that included similar arguments based not only on the Fifth Amendment and the CAA, but also on the Due Process Clause of the Fourteenth Amendment. *Id.* at 6.

Count II of the complaint is based on KDOC's alleged failure to put the seized money toward restitution, court fines, or costs, which Plaintiff claims violated the CAA and the Fourteenth Amendment. *Id.* at 3. But Argument 2 of the memorandum alleges that Plaintiff suffered unconstitutional retaliation for his complaints about a hostile prison environment which, when considered in conjunction with the racial animus caused by the retaliation, violated the Eighth Amendment and refers to K.S.A. 75-6103. *Id.* at 6-7, 18. Count III might be intended to relate to the same underlying facts as Argument 2, since it also refers generally to "wanton negligence" and "limitation of property in retaliation," but Count III also alleges a First Amendment violation. *Id.* at 4, 6-7.

Finally, Argument 3 of the memorandum relates to a due process violation and the denial of a liberty interest, as well as the alleged violation of Plaintiff's Eighth Amendment rights. *Id.* at 7. The memorandum also refers generally to "the totality of circumstances of confinement conditions," which Plaintiff asserts "constitutes cruel and unusual punishment," *id.* at 10; unnamed prison officials' failure to intervene during a gang-related attack on Plaintiff that occurred in a Kansas prison in September 2017, *id.* at 10-11; and it alleges that the state district court did not adequately read and consider the K.S.A. 60-1501 petition before it, *id.* at 20. In short, even though the complaint refers the reader to the attached memorandum for identification of the facts supporting each count, the memorandum further muddies the waters. It refers to exhibits not before this Court, it discusses arguments not raised in the complaint, and it seeks relief unavailable in this action. *Id.* at 6-20.

Even liberally construing the documents now before this Court, it remains unclear what counts Plaintiff wishes to bring in this case are not clear and what facts Plaintiff believes support each count. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"

*Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Because Plaintiff has failed to clearly do so, he has failed to state a claim on which relief could be granted and this action is subject to dismissal in its entirety.

Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that alleges sufficient specific facts to support clearly articulated counts and cures all the deficiencies discussed herein. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3140) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint, including dates, locations, and circumstances.

Plaintiff is further advised that an essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983

5

suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff may attach additional pages to the amended complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. In other words, the incorporation by reference of an attached memorandum will not satisfy the requirement that the complaint state sufficient facts to support a plausible claim for relief. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed for the reasons stated herein without further prior notice to Plaintiff.

### IV. Motion to Appoint Counsel (Doc. 3)

Plaintiff has filed a motion to appoint counsel. (Doc. 3.) There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff will assert a plausible claim against a

named defendant; (2) the issues are not yet clarified and may not be complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 3), is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **July 25, 2023**, to submit a complete and proper amended complaint, on the court-approved form, that cures the deficiencies identified in this order. The failure to timely file an amended complaint will result in this matter being dismissed without further prior notice to Plaintiff. The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:   This 22nd day of June, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge