IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOAH D. REED,

                **Plaintiff,**

    v.                                         CASE NO. 23-3140-JWL

GLORIA GEITHER, ET AL.,

                **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Noah D. Reed initiated this matter by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On June 13, 2023, the Court granted his motion to proceed in forma pauperis and ordered him to submit the initial partial filing fee of $7.00 on or before June 27, 2023. (Doc. 4.) That order further stated that "[a]ny objection to this order must be filed on or before the date payment is due." *Id.* Plaintiff did not submit the initial partial filing fee, nor did he timely submit an objection.

On June 28, 2023, the Court received from Plaintiff an undated document with no case caption but case number 23-cv-03132 on it. That case number is Plaintiff's currently pending action for writ of habeas corpus under 28 U.S.C. § 2254. But the document the Court received on June 28, 2023 begins by stating: "This is an objection to an initial filing fee due 6/27." (Doc. 6.) There was no initial partial filing fee assessed in the habeas action. *See Reed v. Geither*, Case No. 23-cv-3132-JWL, Doc. 4. Thus, the Court directed the clerk to file the document in this case, number 23-cv-3140-JWL, as an objection to the order directing submission of the initial partial filing fee. If Plaintiff feels that the Court has misfiled the document, he may so inform the Court in writing and the Court will take the appropriate steps.

The one-page objection advises the Court that Plaintiff did not receive notice of the deadline for submission of the initial partial filing fee until June 23, 2023, due to an alleged conspiracy to

1

prevent him from meeting court-imposed deadlines. (Doc. 6.) Plaintiff also states that he has now twice filed a complete complaint that "show[s] good cause," despite the Court not yet having received a complaint that included all necessary pages. Plaintiff concludes:  "I mistakenly filed 2254 [*sic*]." *Id.*

This action currently is in the preliminary screening stage, during which the Court liberally construes pro se pleadings, accepts all well-pleaded allegations in the complaint as true, and construes them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court will liberally construe Petitioner's assertions regarding the timing of his receipt of the prior order as a motion for extension of time to submit the initial partial filing fee, which will be granted. Petitioner is hereby granted to and including July 31, 2023, to submit the initial partial filing fee of $7.00. If he needs additional time to submit the initial partial filing fee, he must file a motion for extension of time with this Court on or before July 31, 2023.

The remaining assertions in the document now before the Court are less easily construed. Despite Plaintiff's assertion that he has now twice filed a complete complaint, the Court has received only the initial complaint which was missing pages 10 through 12 of the attached memorandum in support. Plaintiff has until and including July 25, 2023, to submit a complete and proper amended complaint on the court approved forms that cures the deficiencies in the initial complaint. That deadline was set and the deficiencies were identified in the Court's June 22, 2023 order. (Doc. 5.)

Plaintiff's references to having shown good cause and to mistakenly filing a 2254 are even more perplexing. In the § 2254 action, the Court issued a notice and order to show cause (NOSC) granting him to and until July 6, 2023, in which to show good cause, in writing, why this matter should not be dismissed for failure to state a claim on which federal habeas relief can be granted." *Reed v. Geither*, Case No. 23-3132-JWL, Doc. 4. Plaintiff may intend to inform the Court that he has shown good cause why the § 2254 action should not be dismissed. Or he may intend to inform the Court that he mistakenly filed the § 2254 action and he wishes to voluntarily dismiss it. Or he may intend to

inform the Court of other information. Even liberally construing the objection, the Court cannot determine Plaintiff's intent. Accordingly, if Plaintiff wishes to respond to the NOSC issued in case number 23-3132-JWL, he must file a written response to the NOSC clearly titled as such and labeled with that case number. If Plaintiff wishes to voluntarily dismiss his § 2254 action, he must file a notice of voluntary dismissal clearly titled as such and labeled with that case number. No further action will be taken on the document filed on June 28, 2023.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including July 31, 2023 in which to submit the initial partial filing fee of $7.00. If Plaintiff needs additional time to submit the initial partial filing fee, he must file a motion for extension of time on or before July 31, 2023. If Plaintiff fails to pay the initial partial filing fee or submit a motion for extension of time on or before the deadline, this matter may be dismissed without further notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:   This 29th day of June, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge
