## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**NOAH D. REED,**

**Plaintiff,**

**v.**                                                        **CASE NO. 23-3140-JWL**

**GLORIA GEITHER, ET AL.,**

**Defendants.**

### MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Noah D. Reed initiated this matter by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) He proceeds in forma pauperis. The Court conducted an initial review of the complaint and attached memorandum and identified certain deficiencies therein, which left the complaint subject to dismissal in its entirety. Accordingly, on June 22, 2023, the Court issued a memorandum and order (M&O) explaining those deficiencies and granting Plaintiff time to submit a complete and proper amended complaint that cured them. (Doc. 5.) Plaintiff filed an amended complaint on July 7, 2023, but there were pages missing from the accompanying memorandum in support. (Doc. 8.) The Court afforded Plaintiff time in which to file a supplement consisting of the missing pages. (Doc. 9.) Instead, Plaintiff filed another amended complaint (Doc. 11), which is the currently operative complaint in this matter. The Court has conducted the statutorily required initial review of the amended complaint. For the reasons explained below, the amended complaint does not cure the deficiencies identified in the M&O; therefore, the Court will dismiss this matter without prejudice for failure to state a claim on which relief can be granted..

### I.   Nature of the Matter before the Court

In the operative amended complaint, Plaintiff names as Defendants Gloria Geither, Interim Warden at Lansing Correctional Facility (LCF); Jeff Zmuda, Kansas' Secretary of Corrections; Dan

Schnurr, Warden at Hutchinson Correctional Facility (HCF); and Jeff Butler, former Warden at El Dorado Correctional Facility (EDCF). (Doc. 11, p. 1-2.) As the factual basis for this complaint, Plaintiff alleges that in early 2021, the United States Treasury deposited two payments into his inmate trust account, one under the Consolidated Appropriations Act (CAA) and one under the American Rescue Plan Act (ARPA). *Id.* at 2. Plaintiff alleges that Defendants illegally confiscated these payments in retaliation against him for grievances he had filed. *Id.* Plaintiff further alleges that he sought relief through administrative remedies and through the Kansas state courts in a motion for state habeas relief under K.S.A. 60-1501, but he was unsuccessful. *Id.* at 4-5.

In Count I of the complaint, Plaintiff alleges that when the Kansas Department of Corrections (KDOC) seized the payments, it committed an unconstitutional taking in violation of the Fifth Amendment to the United States Constitution, it violated the CAA, and it violated Plaintiff's Fourteenth Amendment Due Process rights. *Id.* at 3. Even liberally construing the amended complaint, as is appropriate because Plaintiff proceeds pro se, the nature of Counts II and III is not clear.

The court-approved form for the complaint contains two sections for each count. There is a section for identifying the "constitutional rights, privileges or immunities [that] have been violated" and a section for "supporting facts," in which the plaintiff is directed to "[i]nclude all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." *Id.* With respect to Count II, however, Plaintiff crossed out the heading for "supporting facts." *Id.* In its entirety, the portion of the form dedicated to Count II reads:

> The liability of a Gov[ernment] entity pursuant to wanton negligence, [and] a substantive limitation of property in retaliation to created hostile environment complaint. Racial animus in KDOC from totality, 8th [and] 14th amend[ments]. KDOC did NOT put money toward restitution, court costs, or fines [and] cost of court. Garnishment of payments were improper. Jeff Zmuda is solely responsible [illegible] this liability thereof. Systemic Racial animus. K.S.A. § 75-6103. [*sic*]

*Id.* The complaint then refers the Court generally to the memorandum in support and to exhibits 1

2

through 18. *Id.* The exhibits include the summary petition for review filed with the Kansas Supreme

Court, a copy of K.S.A. 75-6103, and documents related to grievances Plaintiff has filed within the

prison system.[1]

Similarly, Plaintiff crossed out the heading for "supporting facts" for Count III, which states

in its entirety:

> This liberty interest is also a due process violation. From 1st Amend[ment]
> violation of retaliation to a protected conduct of a griev[a]nce due to wanton
> negligence, [and] substantial limitation of property manifested as a deliberate
> indifference from the totality of circumstances, [and] their responsibility to protect
> from harm. This also constitutes cruel and unusual punishment, an 8th Amend[ment]
> violation [and] 14th Amend[ment] too. [*sic*]

*Id.* at 4.

Plaintiff also directs the Court to the attached memorandum and exhibits 1 through 18 in Count

III. *Id.* As relief, he seeks reimbursement of the seized money, injunctive relief to halt any garnishment

order, and compensatory and punitive damages in the amount of $10,000,000.00. *Id.* at 5.

## II.  Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and

to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which

relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. §

1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law." *West*

*v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518,

1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent

---

[1] None of the grievances appear directly related to the seizure of the funds in question in this lawsuit. Rather, they refer to Plaintiff's attempts to obtain property he was not allowed to possess, such as a television, a sweatsuit, coffee, a hot pot, and cereal, and his wish to transfer to general population. They also include general allegations of retaliation, sexism, and racial discrimination and complaints about other conditions of confinement. (Doc. 11-1.)

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

### III. Discussion

Plaintiff has attached to his form complaint a memorandum. (Doc. 11, p. 6-24.) First, the Court notes that according to the handwritten page numbers of the memorandum, pages 18, 19, and 20 of the memorandum appear to be missing. *See id.* at 22-23. Pages were similarly missing from Plaintiff's memorandum in support of his initial complaint and the memorandum in support of the amended complaint filed on July 7, 2023. (*See* Docs. 1, 8.) Each time, the Court noted on the docket that pages were missing and the Court has twice advised Plaintiff in written orders of the missing pages. (*See* Docs. 1, 5, 8, 9.) Because Plaintiff has now had more than a month to submit the missing pages, the Court sees no benefit in affording him additional time to do so; the Court will review the amended

4

complaint and the attached memorandum in support as filed.

This action is subject to dismissal as against all of the Defendants because the complaint does not sufficiently allege their personal participation. As explained in the M&O:

> [A]n essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

(Doc. 5, p. 5-6.)

In other words, a viable § 1983 claim must establish that each defendant personally caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). Even liberally construing the amended complaint, as is appropriate because Plaintiff proceeds pro se, Plaintiff appears to assert that each Defendant is liable solely because he or she has a supervisory role in the Kansas Department of Corrections. (Doc. 11, p. 2-3.) Specifically, Plaintiff points out that Defendant Schnurr is the Warden at HCF, Defendant Buter was[2] the Warden at EDCF, Defendant Geither is "a representative of LCF where Central Inmate Banking headquarters is" located, and Defendant Zmuda "was informed of the injustice [and] turn[ed] a blind eye to the chain conspiracy." *Id.* at 3.

To the extent that Plaintiff asserts in his memorandum that each Defendant "has authority to rectify each calamity" but did not, he has failed to allege the kind of personal participation required to state a plausible claim under 42 U.S.C. § 1983. As the Tenth Circuit has explained, an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as

---

[2] Plaintiff asserts that Defendant Butler "is" the current EDCF Warden, but in 2022, Tommy Williams was named the warden at EDCF. Liberally construing the complaint, the Court will presume for these screening purposes that Defendant Butler was the EDCF Warden at the time the payments in question were taken from Plaintiff's inmate account.

required for a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). In order to state a plausible § 1983 claim against a defendant, Plaintiff must allege direct personal participation in the acts or inactions upon which the complaint is based. *See Graham*, 473 U.S. at 166. He has not done so.

Moreover, the amended complaint and the memorandum in support frequently use general and collective terms such as "they" or "the KDOC," but he makes no distinction as to what acts are attributable to whom. (*See* Doc. 11, p. 3 ("K.D.O.C.'s seizure of the payments . . ." and "KDOC did NOT put money toward restitution . . ."   ).) This makes it "impossible for any of these individual[]" Defendants or the Court "to ascertain what particular unconstitutional acts" each Defendant is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). In short, Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565, n. 10 (2007).

In addition to the lack of allegations specifically against the named Defendants, the precise nature of Plaintiff's claims remains unclear. The M&O noted, with respect to the initial complaint:

> [T]he numbered "arguments" in the memorandum do not match the counts articulated in the complaint. Liberally construing the complaint, Count I alleges an unconstitutional taking in violation of the Fifth Amendment and the CAA. [Doc. 1, p. 3.] But Argument 1 of the memorandum asserts that the Butler County District Court erred by summarily dismissing [Plaintiff's] K.S.A. 60-1501 petition for state habeas corpus relief that included similar arguments based not only on the Fifth Amendment and the CAA, but also on the Due Process Clause of the Fourteenth Amendment. *Id.* at 6.

> Count II of the complaint is based on KDOC's alleged failure to put the seized money toward restitution, court fines, or costs, which Plaintiff claims violated the CAA and the Fourteenth Amendment. *Id.* at 3. But Argument 2 of the memorandum alleges that Plaintiff suffered unconstitutional retaliation for his complaints about a hostile prison environment which, when considered in conjunction with the racial animus caused by the retaliation, violated the Eighth Amendment and refers to K.S.A. 75-6103. *Id.* at 6-7, 18. Count III might be intended to relate to the same underlying facts as Argument 2, since it also refers generally to "wanton negligence" and "limitation of property in retaliation," but Count III also alleges a First Amendment violation. *Id.* at 4, 6-7.

> Finally, Argument 3 of the memorandum relates to a due process violation and

the denial of a liberty interest, as well as the alleged violation of Plaintiff's Eighth Amendment rights. *Id.* at 7. The memorandum also refers generally to "the totality of circumstances of confinement conditions," which Plaintiff asserts "constitutes cruel and unusual punishment," *id.* at 10; unnamed prison officials' failure to intervene during a gang-related attack on Plaintiff that occurred in a Kansas prison in September 2017, *id.* at 10-11; and it alleges that the state district court did not adequately read and consider the K.S.A. 60-1501 petition before it, *id.* at 20. In short, even though the complaint refers the reader to the attached memorandum for identification of the facts supporting each count, the memorandum further muddies the waters. It refers to exhibits not before this Court, it discusses arguments not raised in the complaint, and it seeks relief unavailable in this action. *Id.* at 6-20.

(Doc. 5, p. 3-4 (footnote omitted).)

Even liberally construing the documents now before this Court, it remains unclear what claims Plaintiff wishes to bring in this case and what facts Plaintiff believes support each claim. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013).

Plaintiff has neither clarified the grounds on which his claims are based, his claims are less clear in the amended complaint than in the initial complaint. The M&O advised Plaintiff that although he was allowed to attach pages to the amended complaint, "he should not utilize the form complaint only to refer the Court generally to an attached memorandum. In other words, the incorporation by reference of an attached memorandum will not satisfy the requirement that the complaint state sufficient facts to support a plausible claim for relief." (Doc. 5, p. 6.) Yet Plaintiff crossed out the headings for the sections in the amended complaint dedicated to the facts supporting Counts II and III and referred the Court generally to an attached memorandum.

The Court has already advised Plaintiff that in order to state a plausible claim for relief under 42 U.S.C. § 1983, he must specifically allege the direct personal participation of each named Defendant, he must state his claims clearly enough for the Court to determine what claims he wishes

7

to bring in this case and what facts support each claim, and he may not simply refer the Court generally to an attached memorandum. Because these deficiencies remain in the operative amended complaint, the Court declines to allow Plaintiff the opportunity to further amend his complaint. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'"). Rather, the matter will be dismissed without prejudice for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:   This 26th day of July, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge